THE GLADSTONE CORPORATION, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 68333.    Promulgated January 25, 1938.

*H. Henry Ramm, Esq.*, for the petitioner.
*S. L. Young, Esq.*, for the respondent.

OPINION.

HARRON: The question involved in this proceeding is, What is the correct basis to the petitioner corporation of the five notes of International Coal Products Corporation which were sold in the taxable year for determining the amount of the loss resulting? The petitioner contends, first, that the cost to the petitioner of the "International" notes is the same as the cost of the notes to the stockholders of petitioner, relying upon sections 112 (b) (5) and 113 (a) (8), Revenue Act of 1928.[1]  In the alternative, petitioner contends that the cost base of the notes in question is the actual value of such notes at the time of transfer to petitioner under section 113 (a) and the petitioner contends that the actual value of the notes was $134,400, relying on the stipulation that if the president of International Coal Products Corporation were called upon to testify he would testify that the notes had at least the value of the face amounts of the notes as of January 1, 1927.

All of the capital stock of the petitioner corporation was issued to its stockholders in return for the assets they transferred so that immediately after the exchange they were in control of the corporation as "control" is defined in section 112 (j).

---

[1] SEC. 112. (b) *Exchange solely in kind.*—

\*        \*        \*        \*        \*        \*        \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

\*        \*        \*        \*        \*        \*        \*

SEC. 113. (a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

(8) SAME—CORPORATION CONTROLLED BY TRANSFEROR.—If the property was acquired after December 31, 1920, by a corporation by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

Determination of the issue in this proceeding turns on whether the exchange came within the provisions of the last part of section 112 (b) (5), which reads:

* * * but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

The table set forth below shows in the case of each transfer the value of the assets to each transferor at the time of the transfer; the percentage of the interest of each transferor in the total assets transferred to the petitioner by each; the percentage of stock in the petitioner corporation received by each in the exchange.

| | Value of assets at time of transfer | Percentage of total | Percentage of Gladstone stock issued | Difference between percentages |
|---|---|---|---|---|
| | *Percent* | *Percent* | *Percent* | *Percent* |
| Mrs. Clarke | $1,257,232.56 | 24.0033 | 25 | −.9967 |
| Mrs. Pyne | 1,331,057.33 | 25.4128 | 25 | +.4128 |
| Mrs. Gambrill | 1,335,303.32 | 25.4939 | 25 | +.4939 |
| Mrs. Hamilton | 1,314,149.92 | 25.0900 | 25 | +.0900 |
| | 5,237,743.13 | 100.0000 | 100 | ----------- |

The above figures show that the amount of the stock in the petitioner corporation received by each transferor is substantially in proportion to his interest in the property prior to the exchange. The variations between the percentage of the value of assets transferred by each of the transferors and the percentages of stock received by each, are slight and the variation is less than 1 percent in each case. It therefore appears that the exchange of certain assets for stock in the petitioner corporation came within the provisions of section 112 (b) (5). The slight variation in the percentage of the value of the assets transferred by each and the percentages of stock received by each does not here result in any material disproportion between the value of the assets owned by separate transferors, prior to the transfer, and the value of their respective beneficial interests in the combined assets after the transfer. Cf. *United Carbon Co.* v. *Commissioner*, 90 Fed. (2d) 43. While it appears that there is a slight variance in each case of the interest in assets, before the transfer and after, it was the intention of the transferors, as appears from the testimony of the secretary of the Gladstone Corporation, that by certain adjustments made before the exchange of assets for stock took place, the proportionate share of each transferor in the total assets to be transferred should be equalized. To achieve this objective, certain payments were made out of the cash paid into a joint fund, to C. Ledyard Blair, the father, in payment of the

indebtedness of the transferors to him and other payments were made to certain of the transferors. When these adjustments had been made and the assets transferred to the petitioner, in exchange for all of its capital stock, it appears that the condition of the transferors was substantially the same after as before the exchange, so that the condition set forth in section 112 (b) (5) has been met and it is so held.

It is accordingly also held that the petitioner received on January 1, 1927, property in exchange for its stock, pursuant to an exchange within the provisions of section 112 (b) (5) and that since the notes of International Coal Products Corporation were part of the property received, the cost basis for determining the loss resulting from the sale thereof is the same for the petitioner as it would be in the hands of the transferors, namely, $134,400, pursuant to the provisions of section 113 (a) (8).

Having so held, it is not necessary to consider the alternative contention of the petition that under section 113 (a) the cost base to it of the notes in question is the actual value of such notes at the time of transfer to petitioner.

*Decision will be entered for the petitioner.*